UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17-CR-0237 (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| (1) LUMINAIRE ENVIRONMENTAL AND TECHNOLOGIES, INC.; (2) JOHN D. MILLER, JR.; and (3) JOSEPH V. MILLER, | |
| Defendants. | |

Amber M. Brennan and Benjamin F. Langner, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Peter B. Wold and Aaron J. Morrison, WOLD MORRISON LAW, for defendant Luminaire Environmental and Technologies, Inc.

Joseph S. Friedberg, JOSEPH S. FRIEDBERG, CHARTERED, for defendant John D. Miller, Jr.

Earl P. Gray, EARL GRAY DEFENSE, for defendant Joseph V. Miller.

Defendants are charged with various offenses arising out of an alleged scheme in which they contracted to transport and properly dispose of materials containing toxic chemicals, but instead fraudulently diverted and sold the materials as scrap metal. In addition to conspiracy and fraud charges, defendants are charged in Counts 17–22 with falsifying documents in violation of 18 U.S.C. § 1519. Specifically, the indictment

charges them with falsely certifying that the hazardous materials had been received at their facility when in fact the materials had been diverted and sold.

This matter is before the Court on defendants' objection to Magistrate Judge David T. Schultz's May 11, 2018 Report and Recommendation ("R&R"). Judge Schultz recommends denying defendants' motion to dismiss Counts 17–22. Having reviewed the matter de novo, *see* 28 U.S.C. § 636(b)(1), Fed. R. Crim. P. 59(b)(3), the Court agrees with Judge Schultz's analysis, adopts the R&R, and denies defendants' motion to dismiss.

Section 1519 provides as follows:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

In *United States v. Yielding*, the Eighth Circuit held that § 1519 does not require the government to prove that the defendant knew that his actions were likely to affect an investigation or other federal proceeding. *United States v. Yielding*, 657 F.3d 688, 712 (8th Cir. 2011). Instead, it is sufficient for the government to prove that the defendant acted in contemplation of and with the intent to impede, obstruct, or influence such a

proceeding. *Id.* This is true even if the proceeding is neither pending nor especially likely to occur. *See id.* at 712 ("[W]e do not think the statute allows an accused with the requisite intent to avoid liability if he . . . shredded a document for the purpose of eliminating a small but appreciable risk that the document would lead investigators to discover his wrongdoing."); *see also Yates v. United States*, 135 S. Ct. 1074, 1087 (2015) (plurality opinion) (noting that § 1519 "covers conduct intended to impede any federal investigation or proceeding, including one not even on the verge of commencement").

In so holding, the Eighth Circuit distinguished *United States v. Aguilar*, 515 U.S. 593 (1995), and *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005). *Aguilar* construed 18 U.S.C. § 1503—which criminalizes (among other things) corruptly obstructing "the due administration of justice"—to require the government to prove knowledge that the defendant's acts were likely to affect a particular proceeding. *Aguilar*, 515 U.S. at 599-600. Relying on *Aguilar*, *Arthur Andersen* read a similar requirement into 18 U.S.C. § 1512(b)(2), which criminalizes (among other things) corruptly persuading another to withhold or destroy documents to prevent their use in an official proceeding. *Arthur Andersen*, 544 U.S. at 707-08.

Defendants contend that *Yielding* is no longer good law in light of the Supreme Court's recent decision in *Marinello v. United States*, 138 S. Ct. 1101 (2018). *Marinello* held that 26 U.S.C. § 7212(a), which makes it a felony to "in any . . . way corruptly . . .

obstruct[] or impede[] . . . the due administration of" the Internal Revenue Code, requires proof of a "nexus" between the defendant's conduct and a particular proceeding that is either pending or reasonably foreseeable. *Id.* at 1109-10; *see also id.* at 1110 ("It is not enough for the Government to claim that the defendant knew the IRS may catch on to his unlawful scheme eventually. To use a maritime analogy, the proceeding must at least be in the offing.").

As Judge Schultz observed, however, *Marinello* relied on *Aguilar* and *Arthur Andersen*, which the Eighth Circuit explicitly distinguished in *Yielding*.[1] *Yielding*, 657 F.3d at 712-13 ("The language of § 1519 is materially different from the statutes considered in *Aguilar* and *Arthur Andersen*."). And the statute at issue in *Marinello* (§ 7212(a)) is distinguishable from § 1519 in precisely the ways delineated by the Eighth Circuit in *Yielding*. Like § 1503 (the statute at issue in *Aguilar*), § 7212(a) lacks the language explicitly defining the requisite intent on which the Eighth Circuit relied in *Yielding*. *Yielding*, 657 F.3d at 713 ("[I]n § 1519, Congress spoke more directly to the requisite intent and described its scope more precisely."). And like both § 1503 and

---

[1]*Marinello* also cited *Yates*, which gave a narrow construction to the phrase "tangible object" in § 1519. *Yates*, 135 S. Ct. at 1082 (plurality opinion). As indicated above, however, the plurality in *Yates* also observed that § 1519 applies regardless of whether there is a pending federal proceeding, which is consistent with *Yielding*. *Marinello* thus relied on *Yates* as a general example of "interpretive restraint," not as a specific example of another statute that requires proof of a nexus to a particular federal proceeding. *Id.* at 1108 (plurality opinion) (citation and quotations omitted).

§ 1512(b)(2) (the statute at issue in *Arthur Andersen*), § 7212(a) includes the "corruptly" language that the Eighth Circuit found to "call[] for implication of an additional intent requirement." *Yielding*, 657 F.3d at 713. In short, as Judge Schultz explained, "*Marinello* simply does not plow new ground." R&R at 5. Moreover, as noted, a plurality of the Supreme Court has already endorsed the view that § 1519 does not require proof of any pending or imminent proceeding. *Yates*, 135 S. Ct. at 1087. Because *Marinello* did not implicitly overrule *Yielding*, the Court adopts the R&R and denies defendants' motion to dismiss Counts 17–22.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES defendants' objection [ECF No. 45] and ADOPTS the R&R [ECF No. 44]. IT IS HEREBY ORDERED THAT defendants' motion to dismiss Counts 17–22 [ECF No. 39] is DENIED.

Dated: July 12, 2018   s/Patrick J. Schiltz
                                    Patrick J. Schiltz
                                    United States District Judge